UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RON R. DOMASIK,

       Plaintiff,

v.                                                                                  Case No. 1:05-cv-486
                                                                                                     Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This case is unique, in that plaintiff is contesting the finding by the Commissioner that he was disabled.

**I.      BACKGROUND**

       Plaintiff was born on June 9, 1968 (AR 17). On October 11, 1996, plaintiff filed an application for child's disability insurance benefits (CDIB) on the record of his father, Raymond J. Domasik, alleging a disability onset date of June 1, 1986 (AR 12, 17). A medical determination by the Michigan Disability Determination Service (DDS) found that plaintiff had been disabled since May 31, 1990 (AR 12). A psychological evaluation in August 1997 concluded that plaintiff had long-term paranoid delusions (AR 173). The evaluation stated in pertinent part that

> Basic deficits with this client are a large amount of paranoia, to delusional proportions, accompanied by major depressive complaints, and a fixation on real or imagined somatic and medical problems . . .

>This client's paranoia subscale is primarily due to a very heavy loading on persecutory ideas. [Plaintiff] feels that he gets a raw deal from life, that people have it in for him, that he is being plotted against, and followed and punished without cause, and that even some one is trying to poison him and influence his mind"

(AR 173).

In August 2002, the DDS initiated a medical review of plaintiff's continuing entitlement for CDIB (AR 12, 25-26, 125-49). At a consultative examination in November 2002, plaintiff denied that he had any emotional or mental problems (AR 178). Plaintiff stated that he was placed in a psychiatric hospital as a means of punishment for his attempt to obtain his medical records (AR 178). Plaintiff stated that he has not been able to work because the SSA will not allow him to work or to provide him with job training (AR 179). Plaintiff reported that he was being harassed by the Social Security office and the "psychiatric community" (AR 180).

On January 14, 2003, the Social Security Administration (SSA) determined that plaintiff continued to be disabled within the meaning of the Social Security Act (AR 31-34, 148). Plaintiff was diagnosed as suffering from "schizophrenia, paranoid & other psychotic disorders" (AR 31-34, 148). Plaintiff appealed this determination by filing a request for reconsideration on March 10, 2003, in which he asserted "I am not disabled" (AR 12, 27). On April 26, 2003, the SSA notified plaintiff that it still found him to be disabled (AR 29-30). Plaintiff continued to be diagnosed as suffering from "schizophrenia, paranoid & other psychotic disorders" (AR 149).

Plaintiff sought review from an Administrative Law Judge (ALJ) (AR 35). At the hearing, plaintiff demanded proof that he suffered from a mental disability, stating in part:

>Well show me. I want to see some proof here. Now a piece of paper is not going to do it with me. I don't know what kind of evidence you're going to accept, but in my position, I'm not going to accept it.

(AR 223-24). Plaintiff also testified regarding his unsuccessful efforts to obtain employment

through the federal "Ticket to Work Program" (AR 229-32). He stated that the SSA referred him to the Michigan Department of Career Development, but that he was not able to work with them because:

> They enjoy playing too many games. I did their orientation, I did their test, talk [sic] with their benefits planner, met with the counselor. Now they want me to meet with four or five other people. I'm not willing to do this anymore. It's going to be a one shot deal. Either I'm going to get what I want, or your Ticket to Work Program is going to fail.

(AR 229-30).

In a decision dated November 22, 2004, the ALJ found that plaintiff was disabled within the meaning of the Social Security Act beginning May 31, 1990, and that he has not engaged in substantial gainful activity since that date (AR 12-16). As of December 4, 1997, plaintiff was found to have the disabling impairment of paranoid schizophrenia (AR 16). The ALJ further found that there has been no medical improvement of plaintiff's impairment since December 4, 1997 (AR 16). Accordingly, the ALJ found plaintiff continued to be entitled to CDIB (AR 16).

## II.   DISCUSSION

The record reflects that plaintiff applied for and received CDIB (AR 12-18). An ALJ determined that he remained disabled as of November 22, 2004 (AR 12-16). Attached to his complaint is a list of 71 demands, questions and allegations unrelated to his request for judicial

review.[1]  To the extent that plaintiff seeks any additional relief other than a review of the benefit determination, this court is without jurisdiction under these circumstances.  *See* 42 U.S.C. § 405(g).

It is unnecessary for the court to address the legion of issues raised by plaintiff.  This matter is pending before the court for the sole purpose of reviewing the Commissioner's November 22, 2004 decision finding that plaintiff remains disabled.  A Social Security claimant cannot seek judicial review of a favorable decision awarding Social Security Benefits.  *Steen v. Secretary of Health and Human Services*, No. 95-1155, 1995 WL 452274 at *2 (6th Cir. July 27, 1995).  "[O]nly those decisions which are unfavorable are subject to judicial review. 42 U.S.C. § 405(g)."  *Id.*  Because plaintiff received a fully favorable disability determination, his complaint must be dismissed for lack of subject matter jurisdiction.  *Id.*

**III.	Recommendation**

I  respectfully recommend that plaintiff's claim be dismissed for lack of subject matter jurisdiction.

Dated:  December 11, 2006	/s/ Hugh W. Brenneman, Jr.
	Hugh W. Brenneman, Jr.
	United States Magistrate Judge

---

[1] Plaintiff's list includes eighteen "demands," six "questions," eleven allegations of fraud against the SSA, three allegations of harassment against the SSA, ten allegations of disability discrimination against the SSA, five allegations of abuse against the SSA, two allegations of slander against the SSA, eight allegations of fraud against unnamed psychiatrists, one allegation of harassment against unnamed psychiatrists, five allegations of slander against unnamed psychiatrists, and two allegations of abuse against unnamed psychiatrists.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).